UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| | | SECTION: J(2) |
| This Document Relates To: | * | JUDGE BARBIER |
| *All Cases* | * | MAG. JUDGE WILKINSON |
| | * | |

# ORDER
### [Closing 1,835 Cases Identified in Exhibit 1]

On June 24, 2019, the Court issued a Notice of Court's Intent to Close Cases and Order to Show Cause ("Notice of Closure"), which stated:

> The Court understands that all claims asserted in the cases listed on Exhibit 1 attached hereto have been resolved—in most instances through settlement but occasionally by other means—and there are no viable claims remaining in litigation. However, these cases still appear to be open, if only as a technical matter, on the Court's docket. Accordingly, the Court hereby gives notice of its intent to issue an Order instructing the Clerk of Court to **CLOSE** each of the 1835 cases listed on Exhibit 1. **Any party who believes its case should not be closed shall file by July 8, 2019 a written response explaining why its case should not be closed.**
>
> If a party believes its case should not be closed for the reason that it has an unresolved claim *in litigation* for punitive damages against Transocean or Halliburton (as opposed to an unresolved claim with the Halliburton/Transocean Punitive Damages & Assigned Claims Settlement Program), that party should explain, perhaps in addition to other things, why that claim in litigation is not barred by the class-wide releases found in the Transocean and Halliburton Punitive Damages and Assigned Claims Settlement Agreements (Rec. Docs. 15332, 14644) and the Court's Final Order and Judgment approving same (Rec. Doc. 22253).

(Rec. Doc. 25741 (footnote omitted; emphasis in original)).

The Court received four responses to the Notice of Closure, which are briefly addressed.

1. Melonie and Richard Johnson (No. 11-3180) request that their case not be closed because they have unresolved claims in the Halliburton/Transocean Punitive Damages and Assigned Claims Settlement Program ("Settlement Program").[1] This is exactly the type of case that should be closed. When the Court granted final approval of the Halliburton and Transocean Punitive Damages and Assigned Claims Settlement Agreements ("Settlement Agreements") on February 15, 2017, the Settlement Agreements (and the Settlement Program established through those settlements) became the exclusive remedy for claims covered by those settlements; class members could no longer pursue *through litigation* claims for punitive damages against Halliburton or Transocean. (Rec. Doc. 22253 ¶¶ 10-15). The closure of the Johnsons' lawsuit will not affect any of their claims in the Settlement Program—such claims will continue to be processed, determined, and paid (or not paid) by the Settlement Program pursuant to the terms of the Settlement Agreements. The Johnsons have not provided an adequate reason as why their lawsuit in this Court should not be closed.

2. Rose Le (No. 13-2963) states that she "only received $10,000" and appears to be unsatisfied with this amount.[2] The fact that Le received $10,000

---

[1] The Johnsons mailed to chambers a cover letter with a single attachment that will be filed in the MDL 2179 master docket. The cover letter will be publicly filed. The attachment will be filed under seal as it contains confidential claimant information.

[2] Le mailed to chambers a cover letter, multiple attachments, and a flash drive that ostensibly contains more documents. The cover letter will be filed publicly in the MDL master docket. However, the Court will not accept the attachments or the flash drive and instructs the Clerk to return those to Le.

suggests that her claims were resolved through settlement, in which case it is appropriate to close her lawsuit. To the extent Le did not settle her claims, she does not appear to have complied with Pretrial Order No. 60 ("PTO 60," Rec. Doc. 16050),[3] and therefore her claims in litigation were dismissed with prejudice by the PTO 60 Compliance Order of July 14, 2016 (Rec. Doc. 20996). In short, Le has not provided an adequate reason as to why her lawsuit should not be closed.

3. Global Disaster Recovery & Rebuilding Services LLC ("Global Disaster")[4] was initially one of many plaintiffs in No. 13-1717, which case is listed in the Notice of Closure. In 2016, Global Disaster filed another lawsuit, No. 16-6585, in response to PTO 60. Case No.16-6585 is not listed in the Notice of Closure. Indeed, Global Disaster and No. 16-6585 is listed as one of the remaining B1 plaintiffs in Pretrial Order 67 (Rec. Doc. 25370), and counsel informs that a mediation is scheduled for August 20, 2019. To the extent Global Disaster requests that No. 16-6585 not be closed, that case was never at risk of being closed by this Order. To the extent Global Disaster requests that No. 13-1717 not be closed, the Court makes explicit that the closure of 13-1717 will not prejudice Global Disaster's claim in 16-6585.

4. The Notice of Closure listed case No. 16-04079 among the cases the Court intends to close. The Notice of Closure identified the plaintiff in that case as "Karampelas-Ploumaritis, Ioannis, et al." Ioannis Karampelas-Ploumaritis filed a response (Rec. Doc. 25808) wherein it admits it has settled its claims, but takes issue

---

[3] Le's complaint asserts claims in the B1 bundle, to which Pretrial Order No. 60 applied.
[4] Global Disaster's response is filed in the record at Rec. Doc. 25807.

with the use of "et al." Specifically, Ioannis Karampelas-Ploumaritis "respectfully requests that any dismissal order entered by the Court identify and list only Ioannis Karampelas-Ploumaritis also known as Ioannis Karampelas-Ploumaritis, Merchant of Fresh Frozen Seafood also known as Ioannis Karampelas-Ploumaritis Seafood Trading as the dismissed party, and that no reference be made to '*et al.*,' or any other party, entity, claim, cause of action, action or matter." (Rec. Doc. 25808 at 2). Exhibit 1 attached to this Order incorporates the requested change.

Accordingly,

IT IS ORDERED that the Clerk of Court shall CLOSE the cases listed in the attached Exhibit 1 as all claims in litigation have been resolved and dismissed. Nothing in this Order shall affect the processing, status, or determination of a claim pending in the Settlement Program.

New Orleans, Louisiana, this 11th day of July, 2019.

_____
United States District Judge

**Note: The Clerk shall file this Order and Exhibit 1 in 10-md-2179 and in each of the cases listed in Exhibit 1. The Clerk shall mail a copy of this Order and the relevant page of Exhibit 1 (or all of Exhibit 1, if easier) to any pro se (unrepresented) plaintiffs in the cases listed in Exhibit 1. If a pro se plaintiff was previously represented by an attorney who failed to provide the Court with an address for the former client upon the attorney's withdrawal, the Clerk shall mail this Order and Exhibit 1 to the attorney, who shall immediately forward same to the last known address of the former client. The attorney shall also provide the Court with the last known address for the former client.**